# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STACEY C. DUNCAN,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0842-15-0458-I-1

DATE: September 1, 2015

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Mary Ann Comes</u>, San Clemente, California, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed an appeal from a letter dated March 4, 2015, from the Office of Personnel Management (OPM) stating that her temporary service with the Federal Deposit Insurance Corporation (FDIC) from 1987 to 1995 was not creditable under Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 1. OPM filed a motion to dismiss for lack of jurisdiction, arguing that its letter was only an initial, not a final, decision, on the issues raised by the appellant. IAF, Tab 4. OPM added that, after reviewing the appellant's arguments on appeal, her concerns may be better resolved by the FDIC because OPM does not have the authority to correct a former employee's Standard Form 50. *Id.* The administrative judge granted OPM's motion, finding that the appellant did not provide any evidence that OPM had issued a final decision on her request for credit for her service from 1987 to 1995, and thus that the Board lacks jurisdiction over her appeal. IAF, Tab 8, Initial Decision. In her petition for review, the appellant asserts that OPM's March 4, 2015 letter constitutes a final OPM decision affecting her rights under FERS. Petition for Review (PFR) File, Tab 1.

¶3 An administrative action or order affecting the rights or interests of an individual or the United States under FERS that is administered by OPM may be appealed to the Board. 5 U.S.C. § 8461(e)(1). The Board has recognized three situations in which OPM is deemed to have issued an appealable decision under FERS. Two of those situations are prescribed by OPM's regulations: OPM may either (1) issue a reconsideration decision under 5 C.F.R. § 841.306, or (2) issue an initial decision without reconsideration rights providing an opportunity to appeal to the Board under 5 C.F.R. § 841.307. Either type of decision is final and appealable to the Board under 5 C.F.R. § 831.308. *See* 5 C.F.R. §§ 831.306(e),

.307. The third situation derives from Board case law. Specifically, the Board will take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *E.g.*, *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). In other words, even an initial decision subject to reconsideration or the absence of any decision at all may, under appropriate circumstances, constitute a final "administrative action or decision" under 5 U.S.C. § 8461(e)(1). In any event, the Board has jurisdiction over an OPM "final decision" regardless of whether it was issued in the form of a "reconsideration decision." The relevant inquiry is whether OPM has issued a "final decision" under 5 C.F.R. § 841.308—not whether it has issued a "reconsideration decision" under 5 C.F.R. § 841.306.

¶4        Here, the record indicates that, on December 10, 2014, OPM sent the appellant a letter responding to her earlier inquiry to allow credit for her temporary service with FDIC from 1987 to 1995. IAF, Tab 1. OPM found that the service was not creditable. OPM did not indicate that this letter constituted an initial decision and it did not provide the appellant with the right to seek reconsideration. *Id*.

¶5        Nonetheless, the appellant sought reconsideration of OPM's decision. By letter dated December 13, she argued that a Special Committee had ordered that FDIC convert all Liquidation Graded (LG) employees, of which she was one, to General Schedule classification of eligible status effective from their original hire dates through their dates of conversion in May 1995.[2] *Id*. On March 4, 2015,

---

[2]   In her December 13, 2014 letter to OPM, the appellant characterizes her correspondence as a request for correction under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA). FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a). An employee may seek relief under FERCCA from OPM. *See Archer v. Office of Personnel Management*, 120 M.S.P.R. 68, ¶ 6 (2013). We make no finding about

OPM responded to the appellant's letter of December 13, 2014, reiterating the decision it made in its letter of December 10, 2014. *Id*. It found that the appellant's LG service remained noncreditable under FERS. *Id*.

¶6 Under these circumstances, we find that OPM's March 4, 2015 letter is tantamount to an appealable reconsideration decision that affects the appellant's rights or interests under FERS. Therefore, we conclude that the Board has jurisdiction to adjudicate her appeal. *See, e.g.*, *Luna v. Office of Personnel Management*, 89 M.S.P.R. 465, ¶¶ 8-10 (2001).

### ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.

---

whether the appellant's request for FERS service credit was properly a request for relief under FERCCA.